UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELODY POMPA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:25-cv-01319-MMM-RLH |
| OTIS ELEVATOR COMPANY, | ) |
| Defendant. | ) |

**ORDER & OPINION**

This is a negligence case that began in Illinois state court. After removing it to this Court, Defendant Otis Elevator Company ("Otis") filed an answer, asserting twenty-three affirmative defenses. Plaintiff Melody Pompa ("Pompa") has moved to strike the lion's share of those defenses under Federal Rule of Civil Procedure 12(f). Although Otis did not respond to that motion before the deadline, it has requested an extension of time to do so. For the reasons explained below, Pompa's Motion to Strike (doc. 4) is GRANTED in part and DENIED in part. Otis's Motion for an Extension of Time (doc. 5) is DENIED.

**BACKGROUND**

The Court recounts only the facts necessary to resolve the motion. Pompa, who worked at the OSF Cancer Institute, alleges that she was injured on the job when an elevator door closed prematurely, striking her left arm and shoulder. (Doc. 1-1 at 10). After the incident, she filed a three-page complaint, claiming that Otis was negligent for failing to service the elevator and for wrongfully deactivating its sensors. (Doc. 1-

1 at 9–10). In its answer, Otis asserted twenty-three affirmative defenses, (doc. 3 at 1–8), and Pompa has moved to strike twenty-one of them, (doc. 4 at 2).

## LEGAL STANDARD

In diversity cases, the "manner and details of pleading are governed by the Federal Rules of Civil Procedure"—including those that apply to affirmative defenses. 5 Wright & Miller's Federal Practice & Procedure § 1204 (4th ed. 2025); *see also Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d. 800, 802 (N.D. Ill. 2000). An affirmative defense "limits or excuses a defendant's liability even if the plaintiff establishes a *prima facie* case." *Tober v. Graco Child.'s Prods., Inc.*, 431 F.3d 572, 579 n.9 (7th Cir. 2005). To assert such a defense, a party must include a "short and plain statement" of the defense that is "concise and direct." Fed. R. Civ. P. 8(b), (d). In addition, the party must provide enough facts to ensure adverse parties have "notice of the specific defense or defenses" asserted. *EBC Asset Inv., Inc. v. Sullivan Auctioneers, LLC*, No. 13-1378, 2014 WL 903955, at *5 (C.D. Ill. Mar. 7, 2014). Thus, "boilerplate defenses" or "mere placeholders without any apparent factual basis" are insufficient. *Dorsey v. Ghosh*, No. 13-cv-05747, 2015 WL 3524911, at *4 (N.D. Ill. June 3, 2015).

Federal Rule of Civil Procedure 12(f) allows courts to police these requirements by striking "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from the pleadings. Although motions to strike are generally disfavored because they tend to consume judicial resources, they may expedite the

case by removing unnecessary clutter. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).[1]

## DISCUSSION

The affirmative defenses that Pompa asks this Court to strike fall into three broad categories: (1) those that are improper as a matter of law, (2) those that are insufficiently pled because they lack a factual basis, and (3) those that are adequately pled. The court addresses each category in turn.

### I. Otis's first and fifteenth affirmative defenses, as well as its reservation of rights to amend, are improper as a matter of law.

#### A. First Affirmative Defense

Otis first asserts that Pompa's complaint "fails to state a claim against Otis upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)." (Doc. 3 at 2). But the failure to state a claim "is not technically an affirmative defense, and the proper vehicle to establish a failure to state a claim defense is to raise a Rule 12(b)(6) motion." *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 786 (N.D. Ill. 2018). If Otis wants to challenge the complaint for failure to state a claim, then a Rule 12(b) motion—not an affirmative defense—would be the appropriate way of doing so. Accordingly, the Court strikes this affirmative defense.

#### B. Fifteenth Affirmative Defense

Otis's fifteenth affirmative defense asserts that Pompa's injury "could have happened despite all due care," and, similarly, that Otis "could not have prevented

---

[1] Notably, the Seventh Circuit has yet to address whether the *Twombly-Iqbal* standard applies to affirmative defenses, but courts in the circuit have generally held that they do. *See People by Madigan v. CMK Invs., Inc.*, No. 14-c-2783, 2015 WL 4038896, at *1 (N.D. Ill. June 30, 2015.

the incident alleged from occurring despite all due care." (Doc. 3 at 5). Pompa challenges it on the ground that she "must now conduct discovery to understand what [Otis] is talking about." (Doc. 4 at 10).

The problem with this affirmative defense, however, is not its lack of specificity. The problem is that it's not an affirmative defense at all. Indeed, an affirmative defense is "a defendant's assertion of fact and arguments that, if true, will defeat the plaintiff's claim," even if "the plaintiff establishes a *prima facie* case." *Bell v. Taylor*, 827 F.3d 699, 704–05 (7th Cir. 2016) (cleaned up). And a prima facie case of negligence in Illinois, as in most states, requires plaintiffs to prove a legal duty owed to them, a breach of that duty, and an injury proximately caused by that breach. *Simpkins v. CSX Transp., Inc.*, 965 N.E.2d 1092, 1096 (Ill. 2012) (explaining the elements of negligence). Here, Otis claims in essence that it acted with due care—in other words, that Pompa cannot prove the second element of her prima facie case. That is "simply a denial of [Pompa's] allegations," and is therefore not properly pled as an affirmative defense. *Bell*, 827 F.3d at 705. Accordingly, the Court strikes this affirmative defense.

### C. Reservation of Rights to Amend

At the end of its answer, Otis includes a "Reservation of Rights" to amend its existing affirmative defenses or to add more of them. (Doc. 3 at 8). "It is unnecessary to expressly reserve that right in a pleading," however, because "the *district court* has the discretion" to determine whether a defendant is entitled to amend its answer. *Fed. Deposit Ins. Corp. v. Giannoulias*, No. 12-c-1665, 2014 WL 3376892, at *9 (N.D.

Ill. July 10, 2014) (emphasis added) (quoting *Wallace v. City of Chicago*, F. Supp. 2d 942, 946 (N.D. Ill. 2004)) (striking identical language from the defendant's answer because it was a "legal nullity"). As Pompa correctly observes, this affirmative defense is improper. Accordingly, the Court strikes it.

II.  **The majority of Otis's affirmative defenses lack a factual basis and are thus inadequate under the Federal Rules of Civil Procedure.**

The majority of Otis's affirmative defenses lack concrete facts and thus fail to provide notice of the grounds upon which they rest. The purpose of notice pleading, however, is to "appris[e] opposing counsel and [the] Court of the predicate for the claimed defense." *State Farm Mut. Auto Ins. Co. v. Riley*, 119 F.R.D. 276, 279 (N.D. Ill. 2001). For that reason, "it is unacceptable for a party's attorney simply to mouth [affirmative defenses] in a formula-like fashion" without explaining how the defense applies to the case at hand. *Id.*

Two cases illustrate the point. In *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, the court struck from the defendant's answer an affirmative defense that said, in full, "[Plaintiff's] claims are barred or limited by laches, waiver, estoppel, unclean hands, or similar legal or equitable doctrines." 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006). The court explained that this language was insufficient to put the plaintiff on notice of the basis for the defense. *See id.* Similarly, in *Dorsey v. Ghosh*, the court struck an affirmative defense which stated that the plaintiff's claim "violates the applicable two-year statute of limitations as applied to the alleged acts of this defendant." 2015 WL 3524911, at *5. The court reasoned that the defendant "plead[ed] no facts that would raise" the defense beyond "a speculative level." *Id.*

5

As those cases demonstrate, Rule 8 requires defendants to inform adverse parties of both the factual and legal grounds for their affirmative defenses. With that in mind, the Court now turns to Otis's affirmative defenses that fail to do so.

### a. Second, Third, Fourth, and Seventh Affirmative Defenses

Otis's second, third, fourth, and seventh affirmative defenses largely follow the same formula. They state as follows:

- ***Second Affirmative Defense.*** If Plaintiff suffered any of the injuries, losses, and damages alleged in Plaintiff's Complaint, then said injuries, losses, and damages were a direct and proximate result of a responsible, efficient, superseding, intervening cause.

- ***Third Affirmative Defense.*** If Plaintiff sustained any of the injuries, losses, and damages alleged in Plaintiffs Complaint, then said injuries, losses, and damages were caused solely by the acts or omissions of persons other than Otis and over whose conduct Otis had no control, right to control, responsibility, or reason to anticipate.

- ***Fourth Affirmative Defense.*** If Plaintiff suffered any of the injuries, losses and damages alleged in Plaintiffs Complaint, then said injuries, losses and damages were a direct and proximate result of Plaintiffs own negligence or contributory conduct. Plaintiff's claims are accordingly barred in whole or in part and Otis is entitled to have the conduct of the parties to this litigation apportioned as required by applicable law.

- ***Seventh Affirmative Defense.*** Otis affirmatively states the incident was caused by events and circumstances beyond its knowledge, beyond the scope of prudent human foresight, and beyond Otis' ability to prevent or control, and therefore Otis could not have been negligent.

(Doc. 3 at 3–4).

Pompa argues that these defenses are improper because they lack a factual basis. The Court agrees. Otis does not say *what* other causes may have contributed to Pompa's alleged injury; *whose* conduct—if not Otis's—may have caused it; *how* Pompa was contributorily negligent; or *why* the incident was beyond Otis's power to

control or prevent. Nowhere does Otis articulate facts unique to Pompa or to the circumstances of this case. In short, these are "boilerplate defenses" that act as "mere placeholders without any apparent factual basis" and so fall short of Rule 8's pleading requirements. *Dorsey*, 2015 WL 3524911, at *4. Accordingly, the Court strikes Otis's second, third, fourth, and seventh affirmative defenses.

### b. Fifth and Sixth Affirmative Defenses

Otis's fifth and sixth affirmative defenses claim, respectively, that Pompa's lawsuit is barred by (1) "the legal doctrine of assumption of risk, both express and implied," and (2) "the doctrines of waiver, laches, and/or estoppel." (Doc. 3 at 3). Again, Pompa takes issue with the lack of factual allegations that would connect those legal doctrines to this case. And again, the Court agrees. Otis fails to clarify how Pompa assumed the risk of injury or what facts would give rise to those equitable defenses. *See Raquet*, 348 F. Supp. 3d at 786 (striking the defendant's waiver and estoppel defenses because the defendant did not indicate "which facts support each of the separate defenses"); *see also Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 907 (striking an identical affirmative defense for the same reason). Accordingly, the Court strikes Otis's fifth and sixth affirmative defenses.

### c. Tenth Affirmative Defense

Otis next raises a failure to mitigate defense, asserting that Pompa "may have failed to obtain appropriate and timely medical attention, and/or failed to follow or adequately follow a prescribed course of medical treatment." (Doc. 3 at 4). Pompa

7

argues that this affirmative defense runs afoul of Illinois pleading rules because Illinois is a "fact-pleadings jurisdiction." (Doc. 4 at 8).

Yet under *Erie*, the Federal Rules of Civil Procedure govern the pleadings "regardless of the source of substantive law." 5 Wright & Miller's Federal Practice & Procedure § 1204; *see also, e.g.*, *Hernas v. City of Hickory Hills*, 507 F. Supp. 103 (N.D. Ill. 1981) (declining to apply Illinois's "strict pleading requirements," even where Illinois substantive law provided the rule of decision). Even so, Otis's failure to mitigate defense is insufficiently pled—even under the more lenient federal regime. That is because Otis's statements about what Pompa may or may not have done following her injury amount to little more than speculation about "possible defenses that" may arise in the future. *EBC Asset Inv., Inc.*, 2014 WL 903955, at *5. Accordingly, the Court strikes Otis's tenth affirmative defense.

### d.  Eleventh and Thirteenth Affirmative Defenses

Otis's eleventh and thirteenth affirmative defenses share a similar defect.[2] They state as follows:

- ***Eleventh Affirmative Defense.***  Otis states that the negligence of parties and non-parties must be apportioned and delineated, and that Otis is only responsible for the percentage of negligence attributable to it when taken and treated in comparison with the negligence of Plaintiff and the negligence of third parties or entities not parties to this suit. Otis reserves the right to amend this affirmative defense to include the name of any other party as is learned throughout this litigation.

- ***Thirteenth Affirmative Defense.***  The subject equipment was substantially altered, improperly maintained by entities other than Otis, and/or improperly repaired by persons and/or entities other than Otis and for whom Otis is not responsible, and the legal cause of the

---

[2] Pompa does not challenge Otis's twelfth affirmative defense. (*See* Doc. 4 at 9).

8

> injuries and damages of which Plaintiff complains was the substantial alteration, improper maintenance, and/or improper repair, such that Otis is not liable to Plaintiff.

(Doc. 3 at 4–5). Otis's eleventh and thirteenth affirmative defenses are substantively indistinguishable from its second and third. That is, Otis in effect claims that other parties are responsible for Pompa's injury. But Otis fails to identify *who* else may have caused the injury, or *how* they did so. That is insufficient provide notice of the factual basis for the defense. *See EBC Asset Inv., Inc.*, 2014 WL 903955, at *5. Accordingly, the Court strikes Otis's eleventh and thirteenth affirmative defenses.

### e. Fourteenth Affirmative Defense

The next affirmative defense states that Otis's agreement with the owner of the building absolves it of liability:

> Any duties or obligations Otis may have are specifically defined and limited by the terms and conditions of its maintenance agreement with the building owner, as well as those imposed by virtue of the applicable statutes and codes promulgated and/or adopted by the Illinois Legislature. Otis' specific contractual duties do not inure to the benefit of Plaintiff, and Plaintiff does not have any separate standing to enforce those contractual duties.

(Doc. 3 at 4). Otis fails to specify which terms of its contract with the building owner (or which Illinois statutes) limit its legal duties. That makes sense, given that Illinois courts treat a person's duty of care in negligence cases as a matter of common law; it is not prescribed by statute. *See Simpkins*, 965 N.E.2d at 1097 (enumerating several factors courts use to determine whether a duty of care existed). If Otis believes a relevant statute (or contract term) defeats Pompa's claim, it would be required to identify which one. Asking Pompa to wade through the Illinois Compiled Statutes to

determine the nature of this defense is antithetical to Rule 8's requirement of a "short and plain" statement that is "simple, concise, and direct." Accordingly, the Court strikes Otis's Fourteenth affirmative defense.

### f. Seventeenth Affirmative Defense

While nearly a page in length, Otis's seventeenth affirmative defense boils down to the following: (1) Pompa paid too much for her hospital bills, (2) those bills are inadmissible into evidence, and (3) Otis "reserves the right" to introduce evidence of prevailing rates for similar treatment in the community. (*See* Doc. 3 at 7–8). Pompa argues that this is not a true "affirmative defense," and that evidentiary questions are more appropriately raised in a motion in limine. (Doc. 4 at 12). The Court agrees. Although Otis will be entitled to dispute the existence and amount of Pompa's damages, an affirmative defense is not the way to do so. *See Bell*, 827 F.3d at 705. Accordingly, the Court strikes Otis's Seventeenth affirmative defense.

### g. Twentieth Affirmative Defense

In its twentieth affirmative Defense, Otis invokes the product misuse doctrine: "Plaintiff's complaint is barred by the legal doctrine of produce misuse as the same is applied under Illinois law to the facts and circumstances set forth in Plaintiff's complaint." (Doc. 3 at 7). It is unclear whether that doctrine applies to this case, as Pompa's sole cause of action is for ordinary negligence—not products liability. *See Williams v. Brown Mfg. Co.*, 261 N.E.2d 305, 309 (Ill. 1970) (stating that the doctrine of product misuse bars recovery when a person uses a product "for a purpose neither intended nor foreseeable"). In any event, this affirmative defense is a bare legal

10

conclusion not permitted by Rule 8. *See Dorsey*, 2015 WL 3524911, at *4; *see also Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1040 (N.D. Ill. 2014) (stating that "[t]hreadbare recitals of the elements" and "conclusory statements" are insufficient under Rule 8). Accordingly, the Court strikes Otis's twentieth affirmative defense.

### h. Twenty-First, Twenty-Second, and Twenty-Third Affirmative Defenses

Otis's final three affirmative defenses share the same defect. In them, Otis "pleads the limitations and provisions set forth in" various Illinois statutes, including 735 ILCS 5/13-213 (products liability statute of repose), 5/13-214 (four-year statute of limitations for actions based on construction of real property); 5/2-604.1 (barring punitive damages for negligence); and 5/2-1115.0.5 (same). (Doc. 3 at 7–8).

As above, it is unclear whether or to what extent these various statutes apply to this case. Pompa asserts that she has not "requested punitive damages at this point." (Doc. 4 at 14). The problem with these affirmative defenses is that Otis cites a variety of statutes without explaining how they apply to this case, making them conclusory and insufficient to provide notice of the grounds for the defense. *See Sarkis' Cafe, Inc.*, 55 F. Supp. 3d at 1040 (N.D. Ill. 2014) (striking affirmative defenses that were pled in "broad terms" and without "any factual support"). Accordingly, the Court strikes Otis's twenty-first, twenty-second, and twenty-third affirmative defenses.

**III.   Otis's remaining affirmative defenses are adequately pled.**

Pompa also asks the Court to strike Otis's eighth, ninth, sixteenth, and nineteenth affirmative defenses. The Court declines to do so. Those defenses are adequately pled, and Pompa's request would require the Court to resolve complex questions of Illinois negligence law that are more appropriately addressed at a later stage.

   a. **Eighth Affirmative Defense**

In its eighth affirmative defense, Otis says that it lacked knowledge of the allegedly defective condition of the elevator:

> Otis states that its knowledge of any alleged danger was in no way superior to that of Plaintiff's own knowledge, and therefore no duty to warn arose. Specifically, Otis had no prior notice, either actual or constructive, of the conditions alleged to have been defective, and therefore cannot be held liable as a matter of law.

(Doc. 3 at 4). Pompa argues that this affirmative defense fails to specify which allegedly defective "condition" Otis lacked notice of. But, from the circumstances of the case and the tenor of Pompa's complaint, the "condition" in question is clearly the elevator. And unlike Otis's affirmative defenses that speculate about what Pompa did or did not do, this paragraph speaks directly to *Otis's* knowledge—or lack thereof—about the defective elevator. That is sufficient at this stage of the proceedings. *See, e.g.*, *Dorsey*, 2015 WL 3524911, at *5 (declining to strike a failure to exhaust defense because the parties and the court could easily infer the grounds for the defense). Accordingly, the Court finds this defense adequately pled.

### b. Ninth Affirmative Defense

In its ninth affirmative defense, Otis says that it cannot be liable because it was "not the premises owner or the agent of the premises owner, and the elevator and premises were not under the exclusive control of Otis." (Doc. 3 at 4). In response, Pompa argues that this case is "pled upon ordinary negligence under Illinois law for failure to service and inspect an elevator that failed to operate property [sic]" and that "Plaintiff has not sued under an agency theory." (Doc. 4 at 8).

Pompa may be correct when she says that notice of the defect is immaterial to whether Otis was negligent because this is not a premises liability case. *See, e.g.*, *Greenhill v. REIT Mgmt. & Rsch., LLC*, 156 N.E.3d 1, 14–15 (Ill. App. Ct. 2019) (noting that the plaintiff "arguably is not required to prove that [the defendant] had notice" of a defective elevator because defendant was not the landowner). Then again, Otis's level of control over the instrumentality of the harm—the elevator—may be relevant to the scope of its liability. *See, e.g.*, *Harris Trust & Sav. Bank v. Otis Elevator Co.*, 696 N.E.2d 697, 704 (Ill. App. Ct. 1998) (holding, under similar facts, that plaintiff's negligence theory required it to prove that the elevator "was within the defendant's exclusive control"). In any case, Pompa's arguments implicate complex questions of Illinois negligence law that need not be resolved at this stage, nor is Otis's ninth affirmative defense "insufficient on the face of the pleadings." *Heller Fin., Inc.*, 883 F.2d at 1294. Accordingly, the Court finds this defense adequately pled.

### c. Sixteenth Affirmative Defense

Next, Otis states that it is "entitled to a presumption" that the elevator was "safe for public use" because it was "inspected by the State of Illinois" who "confirmed that the subject equipment identified in the operative complaint complied with all applicable government codes, statutes, regulations, or standards." (Doc. 3 at 5–6). In moving to strike this defense, Pompa maintains that (1) it is inconsistent with earlier portions of Otis's answer disclaiming knowledge of whether an inspection occurred, and (2) she is "unaware of any legal principle" that creates a presumption the elevator was safe. (Doc. 4 at 11.)

Rule 8, however, explicitly allows a party to "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). And the question whether routine inspections of the elevator are relevant to Otis's exercise of due care is, again, a question of Illinois negligence law that need not be resolved at this stage of the proceedings. Accordingly, the Court finds this defense adequately pled.

### d. Nineteenth Affirmative Defense

Otis's next affirmative defense argues that Pompa's complaint should be dismissed because "Plaintiff has failed to join parties."[3] (Doc. 3 at 7.) In response, Pompa observes that Otis has not identified which parties should be joined, and that this is not a proper affirmative defense. (Doc. 4 at 12).

True, the failure to join a necessary party may be raised by a Rule 12(b)(7) motion. *See* Fed. R. Civ. P. 12(b)(7) (explaining that a party may assert, by motion,

---

[3] Pompa does not challenge Otis's eighteenth affirmative defense. (*See* Doc. 4 at 12).

14

"failure to join a party under Rule 19"). Yet courts in this circuit have held that it may also be raised in an answer. *E.g.*, *Coastal Funding, LLC v. Title Assurance Co. R.R.G.*, No. 16-C-2392, 2017 WL 11885399, at *3 (N.D. Ill. Aug. 10, 2017) (citing *Escobedo v. Oswego Junction Enterprises LLC*, No. 17-C-682, 2017 WL 3430643, at *5 (N.D. Ill. July 24, 2017)). That said, a party "who asserts the defense of failure to join assumes the burden of proving that the absent party is necessary for a just adjudication of the claims." *Thiel v. Libertyville Police Dept.*, No. 94-C-2505, 1994 WL 673069, at *1 (N.D. Ill. Nov. 28, 1994). Thus, Otis may challenge the complaint for failure to join a party, but it will bear the burden of proving who that party is and why the case cannot proceed in their absence. Accordingly, the Court finds Otis's nineteenth affirmative defense adequately pled.

### IV.  Prejudice

At the end of her motion to strike, Pompa argues that Rule 12(f) requires her to show that she will suffer prejudice if Otis's affirmative defenses are allowed to stand. (Doc. 4 at 4). It is unclear, however, whether that requirement is commanded by Rule 12's text, or has instead developed as a matter of judicial practice. *See Anderson v. Bd. Of Educ. of City of Chicago*, 169 F. Supp. 2d 864, 868 (N.D. Ill. 2001) (explaining that motions to strike "are frequently denied when no prejudice could result from the challenged" pleading). In any case, it is settled that "courts should strike affirmative defenses that either fail to meet basic pleading requirements," "add unnecessary clutter to a case," or amount to "bare legal conclusions." *Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1059 (N.D. Ill. 2013).

Because many of the affirmative defenses discussed above satisfy one or more of those criteria, the Court finds that striking them is warranted.

## V.  Otis's Motion for an Extension of Time

Also before the Court is Otis's Motion for an Extension of Time to respond to Pompa's Motion to Strike. (Doc. 5). Because that request is untimely, and because denying it would not create a substantial injustice, the Court will deny it.

Pompa filed her motion to strike on August 22, 2025, which meant that Otis was required to respond by September 5, 2025. *See* Civil LR 7.1(B)(2) (explaining that a party's response to a motion "must be filed within 14 days"). Otis did not do so. One week after the deadline had elapsed, however, Otis moved for an extension of time to file its response. (Doc. 5). Otis explained that, although Pompa did not object to Otis's responding at a later date, its counsel "inadvertently failed to file a motion for extension before the original" deadline. (Doc. 5 at 1).

The Civil Local Rules provide the standards that courts in this district use to evaluate motions to extend time. And they set a high bar for parties to overcome when they request to extend a deadline that has already passed. Those requests "will be denied, unless the presiding judge determines that such denial would create a *substantial injustice*." Civil LR 6.1 (emphasis added). Otis asserts that a substantial injustice would result from denying its motion because it would "prejudic[e] Otis' ability to plead its affirmative defenses." (Doc. 5 at 1). The Court disagrees.

Otis will not suffer prejudice because it will have ample opportunity to amend its affirmative defenses to comply with the requirements outlined in this Order. That

16

is because Federal Rule of Civil Procedure 15(a)(2) sets a "lenient standard" that parties must satisfy to amend their pleadings. *Bopp Law Firm, PC v. true the Vote, Inc.*, No. 2:23-cv-00120, 2024 WL 4554000, at *2 (S.D. Ind. Oct. 23, 2024). In practice, a request to amend will be denied "only if there is undue prejudice, undue delay, bad faith, or if the amendment will be futile." *Id.*; *see also Teton Homes Europe v. Forks RV*, 2010 WL 3980254, at *3 (N.D. Ind. Oct. 8, 2010) (allowing defendant to amend complaint when the parties were "still conducting discovery and no dispositive motions [had] been filed"). As even Pompa concedes, Otis "can seek leave to file an Amended Answer if new affirmative defenses become apparent based upon any discovery conducted," so long as she is not prejudiced as a result.[4] (Doc. 4 at 14). Thus, if Otis learns new information—through discovery or otherwise—that it believes supports a valid affirmative defense, Otis will be free to request the Court's leave (or Pompa's consent) to amend its answer. *See* Fed. R. Civ. P. 15(a)(2).

## Conclusion

IT IS THEREFORE ORDERED that Pompa's Motion to Strike (doc. 4) is GRANTED as to Otis's first, second, third, fourth, fifth, sixth, seventh, tenth, eleventh, thirteenth, fourteenth, fifteenth, seventeenth, twentieth, twenty-first, twenty-second, and twenty-third affirmative defenses, as well as Otis's reservation of rights. Pompa's Motion to Strike is DENIED, however, as to Otis's eighth, ninth,

---

[4] The Court notes that a request to amend Otis's first or fifteenth affirmative defense, or its reservation of rights, would likely be futile because, as discussed, those affirmative defenses are improper as a matter of law. *See supra* Parts I.A–C. Nonetheless, because Otis has not yet requested leave to amend its answer, the Court does not have before it any arguments about whether those amendments would comply with Rule 15. *See* Fed. R. Civ. P. 15(a) (noting that courts should grant leave to amend "when justice so requires"). The Court will thus reserve judgment on whether Otis may amend any of the affirmative defenses discussed in this Order unless and until Otis requests to do so.

17

sixteenth, and nineteenth affirmative defenses. Otis's Motion for an Extension of Time (doc. 5) is DENIED.

SO ORDERED.

Entered this 16th day of September 2025.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
